UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| EDWARD D. DAVIS, | ) | CASE NO. 5:05 CV 2476 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| ERNIE MOORE, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

On October 20, 2005, petitioner pro se Edward D. Davis filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Davis is incarcerated in an Ohio correctional institution, having been convicted, pursuant to a guilty plea, of felonious assault in 2002. For the reasons stated below, the petition is denied and this action is dismissed.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254(b).

Davis seeks to raise six grounds for relief. The petition indicates that he did not take a direct appeal from his conviction, but filed a postconviction motion which was denied. The Ohio Court of Appeals affirmed that denial, but Davis did not appeal to the Ohio Supreme Court because that court "does not accept delayed appeal motions for postconviction relief." Petition, p.4. Petitioner is correct that he thus was and is

procedurally barred from raising in the Ohio Supreme Court any issues concerning his convictions. State v. Ruff, 70 Ohio St.3d 1461 (1994); State v. Nichols, 11 Ohio St.3d 40 (1984)

If a procedural bar in the state court exists, this court will not consider the habeas claims raised unless a petitioner establishes adequate cause to excuse his failure to properly raise the claims in the state court and actual prejudice to case. Riggins v. McMackin, 935 F.2d 790, 793 (6th Cir. 1991)(citing Murray v Carrier, 477 U.S. 478, 488 (1986); see, Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); see also, Hannah v. Conley, 49 F.3d 1193, 1197 (6th Cir. 1995)(pro se status and ignorance of rights do not constitute cause excusing a petitioner's failure to properly raise grounds before the state courts). No such showing is reasonably suggested by the petition.

Accordingly, the petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

*Donald C. Nugent 12/7/05*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

2